CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUSTINO RODRIGUEZ and JOUSMAR
RODRIGUEZ, *individually and on behalf of*
*others similarly situated,*

*Plaintiffs*,

-against-

ESTRELLA DO NORTE RESTAURANTE
INC. (D/B/A BEIJA FLOR) and LUCIA
CRUZ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Justino Rodriguez and Jousmar Rodriguez, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against Estrella Do Norte Restaurante Inc. (d/b/a Beija Flor), ("Defendant Corporation") and Lucia Cruz, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.     Plaintiffs are former employees of Defendants Estrella Do Norte Restaurante Inc. (d/b/a Beija Flor) and Lucia Cruz.

2.      Defendants own, operate, or control a Brazilian restaurant, located at 38-02 29th St., Queens, NY 11101, under the name "Beija Flor".

3.      Upon information and belief, individual Defendant Lucia Cruz, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as a kitchen assistant, a porter, a cook, a delivery worker, dishwashers, and food preparers at the restaurant located at 38-02 29th St., Queens, NY 11101.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Brazilian restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.    Plaintiff Justino Rodriguez ("Plaintiff Justino" or "Mr. Justino") is an adult individual residing in Queens County, New York.

16.    Plaintiff Justino was employed by Defendants at Beija Flor from approximately November 2, 2021, until on or about January 27, 2023.

17.    Plaintiff Jousmar Rodriguez ("Plaintiff Jousmar" or "Mr. Jousmar") is an adult individual residing in Queens County, New York.

18.    Plaintiff Jousmar was employed by Defendants at Beija Flor from approximately January 20, 2022, until on or about January 27, 2023.

*Defendants*

19.    At all relevant times, Defendants owned, operated, or controlled a Brazilian restaurant, located at 38-02 29th St., Queens, NY 11101, under the name "Beija Flor".

20.    Upon information and belief, Estrella Do Norte Restaurante Inc. (d/b/a Beija Flor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 38-02 29th St., Queens, NY 11101.

21.    Defendant Lucia Cruz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lucia Cruz is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Lucia Cruz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.    Defendants operate a Brazilian restaurant located in the Dutch Kills section of Queens.

23.    Individual Defendant, Lucia Cruz, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendant Lucia Cruz operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed corporation,

f)  intermingling assets and debts of her own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30.     In each year from 2021 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32.     Plaintiffs are former employees of Defendants who were employed as a kitchen assistant, a porter, a cook, a delivery worker, dishwashers and food preparers.

33.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Justino Rodriguez*

34.     Plaintiff Justino was employed by Defendants from approximately November 2, 2021, until on or about January 27, 2023.

35.    Defendants employed Plaintiff Justino as a dishwasher, a food preparer, and a kitchen assistant.

36.    Plaintiff Justino regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.    Plaintiff Justino's work duties required neither discretion nor independent judgment.

38.    Throughout his employment with Defendants, Plaintiff Justino regularly worked in excess of 40 hours per week.

39.    From approximately November 2, 2021, until on or about January 27, 2023, Plaintiff Justino worked from approximately 10:00 a.m. until on or about 11:30 p.m. to 12:00 a.m., on Tuesdays, from approximately 5:00 p.m. until on or about 11:30 p.m. to 12:00 a.m., Wednesdays and Thursdays, from approximately 5:00 p.m. until on or about 2:30 a.m. to 3:30 a.m., Fridays and Saturdays, and from approximately 5:00 p.m. until on or about 11:30 p.m. to 12:00 a.m., on Sundays (typically 51.50 to 55.50 hours per week).

40.    Throughout his employment, Defendants paid Plaintiff Justino his wages in cash.

41.    From approximately November 2, 2021, until on or about June 2022, Defendants paid Plaintiff Rodriguez a fixed salary of $700 per week.

42.    From approximately July 2022 until on or about January 27, 2023, Defendants paid Plaintiff Rodriguez a fixed salary of $750 per week.

43.    For approximately the last three to four weeks of his employment, Defendants paid Plaintiff Rodriguez $632 per week.

44.    In addition, for the days worked his last week of employment, Defendants did not pay Plaintiff Justino any wages for his work.

45.    Defendants never granted Plaintiff Justino any breaks or meal periods of any kind.

46.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Justino regarding overtime and wages under the FLSA and NYLL.

47.     Defendants did not provide Plaintiff Justino an accurate statement of wages, as required by NYLL 195(3).

48.     Defendants did not give any notice to Plaintiff Justino, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jousmar Rodriguez*

49.     Plaintiff Jousmar was employed by Defendants from approximately January 20, 2022, until on or about January 27, 2023.

50.     Defendants employed Plaintiff Jousmar as a dishwasher, a porter, a food preparer, a cook, and a delivery worker.

51.     Plaintiff Jousmar regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

52.     Plaintiff Jousmar's work duties required neither discretion nor independent judgment.

53.     Throughout his employment with Defendants, Plaintiff Jousmar regularly worked in excess of 40 hours per week.

54.     From approximately January 20, 2022, until on or about January 27, 2023, Plaintiff Rodriguez worked from approximately 10:00 a.m. until on or about 5:00 p.m. to 8:00 p.m., Mondays, Wednesdays, and Thursdays, and from approximately 10:00 a.m. until on or about 10:00 p.m., Fridays, Saturdays, and Sundays (typically 57 to 66 hours per week).

55.     Approximately once a month, Plaintiff Jousmar worked an additional 2 hours on Fridays, Saturdays, and Sundays, from approximately 10:00 a.m. until on or about 12:00 a.m. (typically 63 to 72 hours in total).

56.     Throughout his employment, Defendants paid Plaintiff Jousmar his wages in cash.

57.     From approximately January 20, 2022, until on or about January 27, 2023, Defendants paid Plaintiff Jousmar a fixed salary of $600 for his first 42 hours of work and paid $15 per hour for the remaining hours. Plaintiff Jousmar would receive approximately a total salary of approximately $800 to $850 per week.

58.     For approximately the last week of his employment, Defendants did not pay Plaintiff Jousmar any wages for his work.

59.     Defendants never granted Plaintiff Jousmar any breaks or meal periods of any kind.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Jousmar an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Jousmar, in English and in Spanish (Plaintiff Jousmar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Jousmar to purchase "tools of the trade" with his own funds—including uniforms and a motorcycle.

*Defendants' General Employment Practices*

64.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

65.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

66.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

67.    Defendants paid Plaintiffs their wages in cash.

68.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

70.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

72.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

75.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

76.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

77.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

78.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

79.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

88.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

90.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

91.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

93.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

99.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

100.     Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

101.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

107.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

109.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

111.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

112.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(k)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 28, 2023

CSM LEGAL, P.C

By:      /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 2, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Justino Rodriguez

Legal Representative / Abogado:      CSM Legal, P.C.

Signature / Firma:

Date / Fecha:              2 de Febrero 2023

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 2, 2023

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Jousmar Rodriguez and Justino Rodriguez

Legal Representative / Abogado:         CSM Legal, P.C.

Signature / Firma:

Parent-Guardian Consents /
Consentimiento de los padres/tutores

Date / Fecha:                         2 de Febrero 2023

*Certified as a minority-owned business in the State of New York*